Pfeifer, J.,
concurring in part and dissenting in part.
{¶ 26} I concur in the syllabus and the bulk of the majority opinion. I would, however, order that the opinion apply only prospectively.
*476 Frost Brown Todd L.L.C., Douglas R. Dennis, Scott D. Phillips, and Austin W. Musser, for appellant.
1851 Center for Constitutional Law and Maurice A. Thompson, for appellees.
Isaac, Brant, Ledman & Teetor, L.L.P., Mark Landes, and Patrick M. Pickett, urging reversal for amicus curiae Ohio School Boards Association.
Jones Day and Chad Readier, urging affirmance for amici curiae Ohio Alliance for Public Charter Schools, School Choice Ohio, Black Alliance for Educational Options, National Association for Public Charter Schools, and Ohio Coalition for Quality Education.
{¶ 27} In this case, the school board sold property with a deed restriction. Although no evidence on this issue was presented, based on logic and a rudimentary understanding of how real estate is valued, I am willing to presume that the deed restriction caused some diminution in the sale price. It strikes me as unfair that the buyer should be able to buy at a reduced rate because of a deed restriction and then realize full value by having this court declare the deed restriction to be against public policy. Essentially, the buyer has received a windfall, and the school district has not received the full value for its property.
{¶ 28} There are at least two ways to address this inequity. We could order the transaction rescinded and allow the school district to sell the property unencumbered by the deed restriction. Because the buyer may have already made improvements or other changes to the property, this option is not preferred. The second option is to require the buyer to pay the school district the difference between the purchase price and the fair market value of the property without a deed restriction at the time of the sale.
*479 Porter, Wright, Morris & Arthur, L.L.P., and Robert H. Cohen; and Eugene Whetzel, for relator.
Bowen & Keck Law, L.L.C., and Heather L. Keck, for respondents.